IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Application of<br>Leandro and Thiago Camargo Ramos<br><br>Applicants,<br><br>For an Order Pursuant to 28 U.S.C. § 1782<br>Directing Discovery for Use in Proceedings In Brazil. | Case No. _____ |

### EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING

1. Leandro and Thiago Carmargo Ramos ("Ramos Brothers" or "Applicants") respectfully request an order in the form attached hereto permitting the Ramos Brothers to obtain limited discovery under 28 U.S.C. § 1782 ("Section 1782") in connection with litigation reasonably anticipated to be commenced in Brazil. In support of their Application, the Ramos Brothers submit a Memorandum of Law and attach the Declarations of José Luiz Bayeux Neto and Vivek Tata. The Ramos Brothers further state as follows.

2. The Ramos Brothers seek the assistance of this Court to obtain limited discovery from Itaú BBA USA Securities, Inc. ("Itaú USA"), who is "found" for purposes of 1782 in this District. The Ramos Brothers' requests (the "Requests") are set forth in the subpoenas attached as Exhibit 2 and Exhibit 3 to the Tata Declaration. As set forth in the Declaration of José Luiz Bayeux Neto, the discovery requested may not be obtainable in Brazil, but Brazilian courts should be receptive to the evidence sought here and assistance from this Court. (Neto Decl. ¶ 33.)

3. Section 1782 permits litigants in foreign proceedings to obtain discovery in the United States to assist in the foreign litigation. In particular, Section 1782 states:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use

in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

4. The statutory requirements of Section 1782 are satisfied here. Itaú USA is "found" in this District because Itaú USA maintains a principal place of business in this District. In addition, the Ramos Brothers seek evidence that proximately resulted from Itaú USA's contacts within this District. The Ramos Brothers intend to use the requested discovery to pursue additional claims against an Itaú USA affiliate, Itaú BBA, in Brazil. The Ramos Brothers are "interested person[s]" under Section 1782 because they will be the plaintiffs in the anticipated litigation in Brazil.

5. This *ex parte* Application also meets the discretionary factors of Section 1782, as explained further in the accompany Memorandum of Law: (1) Itaú USA is not a party to the foreign proceedings, (2) Brazilian courts are generally receptive to judicial assistance from U.S. federal courts, and (3) the Ramos Brothers are not attempting to circumvent foreign proof-gathering restrictions, and (4) the discovery sought is not intrusive or burdensome. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004).

6. The Ramos Brothers therefore respectfully request that this Court grant its *ex parte* Application for an Order granting the Ramos Brothers leave to serve Itaú USA with the Subpoenas. WHEREFORE, the Ramos Brothers respectfully request that this Court enter an Order:

1. Granting the Application for discovery under 28 U.S.C. § 1782;

2. Authorizing the Ramos Brothers to take discovery from Itaú USA, by issuing the Subpoenas;

3. Directing Itaú USA to produce the requested discovery within 30 days of service of the Subpoenas, or such other date as agreed between the parties, and in conformity with the Federal

Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York.

4. Directing Itaú USA to appear for a deposition in compliance with the Subpoenas on a mutually agreeable date within a reasonable time after Itaú USA confirms the final production of documents in response to the Subpoena; and

5. Directing that until further Order by this Court, Itaú USA shall preserve all documents, electronic or otherwise, and any evidence in its possession, custody, or control that contains information potentially relevant to the subject matter of the foreign proceeding at issue in the Application.

Dated: September 6, 2024
New York, New York

**ELSBERG BAKER & MARURI PLLC**

By: /s/ David Elsberg
David Elsberg
Vivek Tata

*Counsel for Applicants Leandro and Thiago Camargo Ramos*