```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/19/2025__
```

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Application of )<br>)<br>)<br>Leandro and Thiago Camargo Ramos )<br>) Case No. 1:24-mc-00413<br>)<br>Applicants, )<br>)<br>For an Order Pursuant to 28 U.S.C. § 1782 )<br>Directing Discovery for Use in Proceedings )<br>In Brazil ) | |

## STIPULATED AND PROPOSED PROTECTIVE ORDER

WHEREAS, the Parties having agreed to the following terms of confidentiality, and this Court (the "Court") having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to all information, documents, and testimony exchanged by the parties in connection with the above captioned proceeding:

1. Any counsel may designate any document or deposition transcript as confidential, in whole or in part, if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Documents (including deposition transcripts) designated by a party (the "Designating Party") as confidential ("Confidential Information") shall be stamped "CONFIDENTIAL."

2. A party seeking to designate a deposition transcript as confidential (in whole or in part) may make that designation in the deposition itself or within thirty days after receipt of the final transcript of the deposition. Whether or not so designated on the record at a deposition, all deposition testimony shall be treated as confidential until the expiration of thirty days after receipt of the final transcript of the deposition.

3. The Confidential Information disclosed shall be held and used by counsel to Leandro and Thiago Camargo Ramos (the "Ramos Brothers," and together with their counsel, the "Receiving Party") solely for use under seal (in Portuguese, "*sob segredo de justiça*") in connection with pending or future proceedings in Brazilian courts (the "Brazilian Proceedings") by the Ramos Brothers against Banco Itaú BBA S.A., Ubiratan Machado, Magazine Luiza S/A (and affiliates of Magazine Luiza S/A), and Kabum Comércio Eletrônico S/A (the "Permitted Use").

4. In the event the Receiving Party challenges the Designating Party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute through a meet and confer process. In the absence of a mutually agreed resolution within three (3) business days of the meet and confer between counsel, the Receiving Party may seek resolution from this Court. Any Confidential Information challenged by the Receiving Party shall continue to be treated as designated by the Designating Party until the Court rules otherwise.

5. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible in this case, the Brazilian Proceedings or in any other action in any other forum.

6. All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except: a. The Receiving Party and counsel, (for the avoidance of doubt, including counsel in this Action and in the Brazilian Proceedings); b. Employees or agents of such counsel assigned to and necessary to assist in this case or the Brazilian Proceedings; c. Consultants or experts assisting in the prosecution or defense of the Brazilian Proceedings, to the extent deemed necessary by counsel; d. Any party to the Brazilian Proceedings; and e. The Court or the Brazilian courts (including any person having access to any Confidential Information by virtue of his or her position with this Court or the Brazilian courts).

7. The parties shall meet and confer if any production requires a designation of "For Attorneys' Eyes Only" or "For Experts" Eyes Only."

8. The disclosure of a document or information without designating it as "CONFIDENTIAL," "For Attorneys" Eyes Only," or "For Experts' Eyes Only," shall not constitute a waiver of the right to designate such document or information as Confidential Information at any later date. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Protective Order.

9. Nothing in this Protective Order shall prevent any person subject to it from producing any Confidential Information in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction. Except where prohibited by law or requested by any government agency having jurisdiction, at least three days before any such production, the party intending to make any such production shall give notice to the Designating Party of (i) the document, information, materials or testimony being requested, (ii) to whom the production is being made, and (iii) for what purpose the production is being made.

10. Independent of any other obligations arising from this Protective Order, any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the Receiving Party in a manner that is secure and confidential.

11. Pursuant to Federal Rule of Evidence 502, inadvertent disclosure of privileged communications shall not constitute a waiver of the privilege in this matter or in the Brazilian Proceedings, provided the parties follow the steps set forth in Rule 502.

12. At the conclusion of the Brazilian Proceedings (including the conclusion of any appeal), and subject to any legal or ethical limitations, Confidential Information and any copies thereof in the possession of the Receiving Party or its counsel shall be promptly (and in no event later than 75 days after entry of final judgment no longer subject to further appeal) returned to the Designating Party or, in the case of electronic records, destroyed and/or deleted, except that the parties' counsel shall be permitted to retain their working files on the condition that those files shall continue to be governed by this Protective Order in all respects.

13. Any dispute concerning the application of this Protective Order shall be heard pursuant to the rules of the Court or any other court to which this case may be transferred.

**SO STIPULATED AND AGREED**

| | |
|---|---|
| Dated: March 18, 2025 | Dated: March 18, 2025 |
| ELSBERG, BAKER & MARURI LLP | REED SMITH LLP |
| By: /s/ *Vivek Tata* <br> Vivek Tata <br> David Elsberg | By: */s/ John C. Scalzo* <br> John C. Scalzo <br> Zachary B. Kaye |
| *Counsel for Leandro and Thiago Camargo Ramos* | *Counsel for Itau BBA USA Securities, Inc.* |
| 1 Penn Plaza, Suite 4015 <br> New York, NY 10019 <br> Tel: 212-597-2600 <br> vtata@elsberglaw.com <br> delsberg@elsberglaw.com | 599 Lexington Avenue <br> New York, NY 10022 <br> Telephone: (212) 521-5400 <br> jscalzo@reedsmith.com <br> zkaye@reedsmith.com <br> chyun@reedsmith.com |

SO ORDERED.

_____
Barbara Moses
United States Magistrate Judge
March 19, 2025